UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America,<br><br>v.<br><br>Ryan Wear,<br><br>*Defendant.* | **25 Cr. 365 (JLR)** |

| | |
|---|---|
| United States of America,<br><br>v.<br><br>Jordan Chirico,<br><br>*Defendant.* | **S1 25 Cr. 365 (JLR)** |

**[PROPOSED] AMENDED PROTECTIVE ORDER**

Upon the application of Jordan Chirico, with the consent of the United States of America and undersigned counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

1.      **Disclosure Material.** The Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "Disclosure Material." The Government's Disclosure Material may include material that (i) affects the privacy, confidentiality and business interests of individuals and entities; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; (iv)

may be produced with more limited redactions than would otherwise be necessary; and (v) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case and related civil cases.

NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:

2. Disclosure Material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action and the following civil cases: *Securities & Exchange Commission v. Chirico*, No. 1:25-cv-06715 (S.D.N.Y.), *3|5|2 Capital GP LLC v. Ryan Wear*, No. 653486/2025 (N.Y. Super. Ct.), and *Indiana Public Retirement System v. Jefferies Financial Group Inc.*, No. 29D02-2510-CE-012191 (Ind. Super. Ct.) ("Related Civil Cases"). The defense shall not post any Disclosure Material on any Internet site or network site, including any social media site, to which persons other than the parties hereto have access, and shall not disclose any Disclosure Material to the media.

3. This Order does not prevent the disclosure of any Disclosure Material in any hearing or trial, or to any judge or magistrate judge, for purposes of this action and the Related Civil Cases. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1 and the above provisions.

4. The Government's designation of material will be controlling absent contrary order of the Court. The parties shall meet and confer regarding any dispute over such designations, after which the defense may seek de-designation by the Court. The Government may authorize, in writing, disclosure of Disclosure Material beyond that otherwise permitted by this Order without further Order of this Court.

5. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Disclosure Material. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of persons to whom Disclosure Material has been provided.

6. Except for Disclosure Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Disclosure Material, including any ESI, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; and the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later, subject to defense counsel's obligation to retain client files under the Rules of Professional Conduct. If Disclosure Material is provided to any personnel for whose conduct defense counsel is responsible or prospective witnesses, defense counsel shall make reasonable efforts to seek the return or destruction of such materials.

7. This Order places no restriction on a defendant's use or disclosure of ESI or other Disclosure Material that originally belonged to the defendant.

8. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

By: _____                    Date: _January 21, 2026_
    Sean Hecker
    David Patton
    Derek Wikstrom
    Thea Raymond-Sidel
    Counsel for Jordan Chirico


_____                        Date: ___2/3/2026_____
David Bertan
Counsel for Ryan Wear



JAY CLAYTON
United States Attorney

_____                        Date: _January 29, 2026_
Adam S. Hobson
Justin V. Rodriguez
Assistant United States Attorneys


SO ORDERED:                                      This resolves the letter motion at Dkt. 51.

Dated: New York, New York
      February __3_, 2026

_____
THE HONORABLE JENNIFER L. ROCHON
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK

4